RECEIVED

FEB 0 4 2022

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF IOWA

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal No. 3:20-CR-034 |
| | ) | |
| v. | ) | |
| | ) | **PLEA AGREEMENT** |
| KACHIMBE MUKANZU a/k/a "Kash," | ) | |
| | ) | |
| Defendant. | ) | |

The United States of America (also referred to as "the Government"), Defendant, KACHIMBE MUKANZU a/k/a "Kash," and Defendant's attorney, enter into this Plea Agreement.

## A.    CHARGES

1.    <u>Subject Offenses</u>.    Defendant will plead guilty to Counts 1, 2, 7, 9, and 14 of the Second Superseding Indictment, that is, Conspiracy to Engage in Sex Trafficking by Force, Fraud, or Coercion, in violation of Title 18, United States Code, Section 1594(c) (Counts 1 and 2); Felon in Possession of a Firearm, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2) (Counts 7 and 9), and Sex Trafficking by Force, Fraud, or Coercion, in violation of Title 18, United States Code, Section 1591(a)(1), (b)(1) (Count 14). Defendant also agrees to forfeiture of the property and firearms listed in the Second Superseding Indictment.

2.    <u>Charges Being Dismissed</u>. If the Court accepts this Plea Agreement, Counts 3, 4, 5, 6, 8, 10, 11, 12, and 13 of the Second Superseding Indictment will be dismissed at the time of sentencing.

Defendant understands that even though the above counts will be dismissed, all relevant

1

conduct , including the conduct that supported those charges in Counts 3, 4, 5, 6, 8, 10, 11, 12, and 13 will be considered by the Court at the time of sentencing.

3.     <u>No Further Prosecution.</u>     The Government agrees that Defendant will not be charged in the Southern District of Iowa with any other Title 18, United States Code, Section 1591 offenses involving Victim M.M. The Government is not aware of any other investigations pending in the Southern District of Iowa or elsewhere.

B.     **MAXIMUM PENALTIES**

4.     <u>Maximum and Mandatory Minimum Punishment.</u>     Defendant understands that the crimes to which Defendant is pleading guilty in Counts 1 and 2 each carry a maximum sentence of life in prison; a maximum fine of $250,000; and a term of supervised release of no less than 5 years up to life. Defendant understands that the crimes to which Defendant is pleading guilty in Counts 7 and 9 each carry a maximum sentence of 10 years in prison; a maximum fine of $250,000; and a term of supervised release up to 3 years. A mandatory special assessment of $100 per count must also be imposed by the Court. Defendant understands that the crime to which Defendant is pleading guilty in Count 14 carries a mandatory minimum sentence of at least 15 years in prison, and a maximum sentence of life in prison; a maximum fine of $250,000; and a term of supervised release of no less than 5 years up to life. Defendant also understands that, if the Court determines Defendant to be a non-indigent person, pursuant to Title 18, United States Code, Section 3014(a)(1), it shall impose an assessment of $5,000 per count, as to Counts 1, 2, and 14. Defendant understands that these sentences may be imposed consecutively.

5.     <u>Supervised Release--Explained.</u> Defendant understands that, during

any period of supervised release or probation, Defendant will be under supervision and will be required to comply with certain conditions. If Defendant were to violate a condition of supervised release, Defendant could be sentenced to not more than five (5) years in prison, without any credit for time previously served.

6. <u>Detention</u>. Pursuant to the Release or Detention Pending Sentencing statute (18 U.S.C. § 3143), Defendant agrees to remain in custody following the completion of the entry of Defendant's guilty plea to await the imposition of sentence.

## C. NATURE OF THE OFFENSE – FACTUAL BASIS

7. <u>Elements Understood</u>. Defendant understands that to prove the offenses alleged under **Counts 1 and 2 (Conspiracy to Engage in Sex Trafficking by Force, Fraud, or Coercion)**, the Government would be required to prove beyond a reasonable doubt the following elements:

(a) On or about the date(s) charged, Defendant made an agreement to commit the crime of sex trafficking by force, fraud, or coercion; and

(b) Defendant knew the unlawful purpose of the agreement and joined in it willfully, that is, with the intent to further the unlawful purpose.

Defendant further understands that to prove the offense alleged under **Count 14 (Sex Trafficking by Force, Fraud, or Coercion)**, the Government would be required to prove beyond a reasonable doubt the following elements:

(a) On or about the date(s) charged, Defendant knowingly recruited, enticed, harbored, transported, provided, obtained, or maintained by any means the individual named in the Second Superseding Indictment;

3

(b) Defendant did so knowing or in reckless disregard of the fact that means of force, threats of force, fraud, coercion, or any combination of such means, would be used to cause the person to engage in a commercial sex act; and

(c) Defendant's acts were in or affected interstate commerce.

Defendant further understands that to prove the offense alleged under **Counts 7 and 9 (Felon in Possession of a Firearm),** the Government would be required to prove beyond a reasonable doubt the following elements:

(a) Before the date(s) charged, Defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year;

(b) On or about the date(s) charged, Defendant knew he had been previously convicted of a crime punishable by imprisonment for a term exceeding one year;

(c) On or about the date(s) charged, Defendant knowingly possessed a firearm; and

(d) The firearm was transported across a state line at some time during or before Defendant's possession of it in the Southern District of Iowa.

8. <u>Factual Stipulations</u>. Attached hereto as Attachment "A", and incorporated by reference herein, are factual stipulations entered into between the parties, including the factual stipulations of Defendant's offense conduct relating to each subject offense. Defendant acknowledges that these statements are true.

9. <u>Truthfulness of Factual Basis</u>. Defendant understands that, during the change of plea hearing, the judge and the prosecutor may ask Defendant questions under oath about the offense to which Defendant is pleading guilty, in the presence of Defendant's attorney. Defendant understands that Defendant must answer these questions truthfully, and that Defendant can be prosecuted for perjury if Defendant

gives any false answers.

10.   <u>Venue</u>.   Defendant agrees that venue for this case is proper for the United States District Court for the Southern District of Iowa.

**D.   SENTENCING**

11.   <u>Sentencing Guidelines</u>. Defendant understands that Defendant's sentence will be determined by the Court after considering the advisory United States Sentencing Guidelines, together with other factors set forth by law. The Sentencing Guidelines establish a sentencing range based upon factors determined to be present in the case, which include, but are not limited to the following:

(a)   The nature of the offenses to which Defendant is pleading guilty;

(b)   The number of victims involved;

(c)   Whether sophisticated means were used to commit all or part of the offense;

(d)   The number of firearms possessed;

(e)   Whether the firearm was stolen;

(f)   Defendant's role in the offense;

(g)   Whether Defendant attempted to obstruct justice in the investigation or prosecution of the offense;

(h)   The nature and extent of Defendant's criminal history (prior convictions); and

(i)   Acceptance or lack of acceptance of responsibility.

Defendant understands that, under some circumstances, the Court may "depart" or "vary" from the Sentencing Guidelines and impose a sentence more severe or less severe than provided by the guidelines, up to the maximum in the statute of

conviction. Defendant has discussed the Sentencing Guidelines with Defendant's attorney.

12. <u>Acceptance of Responsibility</u>. The Government agrees to recommend that Defendant receive credit for acceptance of responsibility under USSG §3E1.1. The Government reserves the right to oppose a reduction under §3E1.1 if after the plea proceeding Defendant obstructs justice, fails to cooperate fully and truthfully with the United States Probation Office, attempts to withdraw Defendant's plea, or otherwise engages in conduct not consistent with acceptance of responsibility. If the base offense level is 16 or above, as determined by the Court, the Government agrees that Defendant should receive a 3-level reduction, based on timely notification to the Government of Defendant's intent to plead guilty.

13. <u>Presentence Report</u>. Defendant understands that the Court may defer a decision as to whether to accept this Plea Agreement until after a Presentence Report has been prepared by the United States Probation Office, and after Defendant's attorney and the Government have had an opportunity to review and challenge the Presentence Report. The parties are free to provide all relevant information to the Probation Office for use in preparing a Presentence Report.

14. <u>Disclosure of Presentence Investigation Reports</u>. The United States District Court for the Southern District of Iowa has issued the following Administrative Order:

> The presentence investigation report is a sealed and confidential document. Unless specifically authorized by the district court, a defendant may not disseminate, disclose, or distribute a presentence investigation report, or any

part or page of a presentence investigation report, in either draft or final form. A defendant who violates this order, may be subject to prosecution for contempt of court under 18 U.S.C. § 401(3). This order does not apply to a defendant's review of a presentence investigation report with the defendant's own attorney.

Defendant acknowledges and understands this order.

15. <u>Evidence at Sentencing</u>. The parties may make whatever comment and evidentiary offer they deem appropriate at the time of sentencing and entry of plea, provided that such offer or comment does not violate any other provision of this Plea Agreement. Nothing in this Plea Agreement restricts the right of Defendant or any victim to make an allocution statement, to the extent permitted under the Federal Rules of Criminal Procedure, nor does this Plea Agreement convey any rights to appear at proceedings or make statements that do not otherwise exist.

16. <u>Joint Sentencing Recommendation (Range)</u>. Under Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the parties agree that the Court should impose a sentence of between 188 months and 264 months incarceration and will not advocate for a higher or lower sentence outside that range at the time of sentencing. The parties agree that this sentence takes into account all of the relevant factors set forth under 18 U.S.C. § 3553(a), including the advisory sentencing guidelines calculation, the nature and circumstances of the offense, the history and characteristics of Defendant, and other pertinent factors. Should the Court decline to impose this recommended sentence, Defendant may withdraw Defendant's plea of guilty and the case will then be set for trial; likewise, if the Court declines to impose the recommended sentence, the Government also may withdraw from this Plea

Agreement and the case will be set for trial. In the event that the relevant advisory guidelines are amended and made retroactive under 18 U.S.C. § 3582(c)(2), Defendant waives any right to seek a sentencing reduction in exchange for this Rule 11(c)(1)(C) plea agreement.

## E.   FINES, COSTS, FORFEITURE AND RESTITUTION

17.   <u>Forfeiture</u>. Defendant agrees to forfeiture of the property identified in the Second Superseding Indictment, including the Springfield, model XD, ~~nine millimeter~~ pistol, with serial number GM471002, and the Glock, model 36, .45 caliber pistol, with serial number GBG666. Defendant will execute any documents as directed by the Government to complete the forfeiture.

*MKZ .45 caliber* (handwritten margin note)

18.   <u>Waivers Regarding Forfeiture</u>. Defendant waives all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds. Defendant further agrees that the forfeiture provisions of this Plea Agreement are intended to, and will, survive Defendant notwithstanding the abatement of any underlying criminal conviction after execution of this Plea Agreement. The forfeitability of any particular property pursuant to this agreement shall be determined as if Defendant had survived and that determination shall be binding upon Defendant's heirs, successors and assigns until the agreed forfeiture, including any agreed money judgment amount, is collected in full.

19.   <u>Consent to Judgment of Forfeiture</u>. Defendant agrees to waive all interest in assets subject to this Plea Agreement in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. Defendant agrees to

8

consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant understands that the forfeiture of assets is part of the sentence that may be imposed in this case.

20. <u>Fines and Costs</u>. Issues relating to fines and/or costs of incarceration are not dealt with in this agreement, and the parties are free to espouse their respective positions at sentencing.

21. <u>Special Assessment</u>. Defendant agrees to pay the mandatory special assessment of $500 ($100 per count) at or before the time of sentencing, as required by 18 U.S.C. § 3013. Defendant further understands that, if the Court determines Defendant to be a non-indigent person, pursuant to Title 18, United States Code, Section 3014(a)(1), it shall impose an assessment of $5,000 per count (as to Counts 1, 2, and 14).

22. <u>Restitution</u>. Defendant agrees that the Court should impose an order of restitution for all relevant conduct in an amount to be determined by the Court; that such order of restitution shall be due and payable immediately; and that if Defendant is not able to make full payment immediately, Defendant shall cooperate with the United States Probation Office in establishing an appropriate payment plan, which shall be subject to the approval of the Court, and thereafter in making the required payments. Any such payment plan does not preclude the Government from

utilizing any collections procedures pursuant to the Federal Debt Collections Act and including the Treasury offset program.

23. <u>Financial Statement</u>. Defendant agrees to complete truthfully and in full a financial statement provided by the U.S. Attorney's Office, and return the financial statement to the U.S. Attorney's Office within 30 days of the filing of this Plea Agreement.

## F.  LIMITED SCOPE OF AGREEMENT

24. <u>Limited Scope of Agreement</u>.  This Plea Agreement does not limit, in any way, the right or ability of the Government to investigate or prosecute Defendant for crimes occurring outside the scope of this Plea Agreement.  Additionally, this Plea Agreement does not preclude the Government from pursuing any civil or administrative matters against Defendant, including, but not limited to, civil tax matters and civil forfeiture which arise from, or are related to, the facts upon which this investigation is based.

25. <u>Agreement Limited to Southern District of Iowa</u>.  This Plea Agreement is limited to the United States Attorney's Office for the Southern District of Iowa, and cannot bind any other federal, state or local prosecuting, administrative, or regulatory authorities.

26. <u>Immigration Consequences of Defendant's Guilty Plea</u>.  Defendant has discussed with Defendant's counsel the impact of Defendant's guilty plea on Defendant's immigration status if Defendant is not a citizen of the United States.

Defendant specifically understands that Defendant's guilty plea may restrict Defendant's ability to challenge Defendant's removal from the United States in the future, and that Defendant may be subject to immediate removal from the United States following the service of Defendant's sentence. Defendant further understands that Defendant is pleading guilty to an "aggravated felony," which means that Defendant would be subject to enhanced criminal penalties if Defendant were to reenter the United States without authorization.

27.     <u>Sex Offender Registry</u>.    Defendant understands that by pleading guilty, Defendant will be required to register as a sex offender upon Defendants release from prison as a condition of supervised release pursuant to 18 U.S.C. § 3583(d). Defendant also understands that independent of supervised release, Defendant will be subject to federal and state sex offender registration requirements, and that those requirements may apply throughout Defendant's life. Defendant understands that Defendant shall keep Defendant's registration current, shall notify the state sex offender registration agency or agencies of any changes to Defendant's name, place of residence, employment, or student status, or relevant information. Defendant shall comply with requirements to periodically verify in person Defendant's sex offender registration information. Defendant understands that Defendant will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements. Defendant further understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon Defendant's release from confinement following conviction. As a condition of supervised release,

Defendant shall initially register with the state sex offender registration in the state of Iowa, and shall also register with the state sex offender registration agency in any state where Defendant resides, is employed, works, or is a student, as directed by the Probation Officer. Defendant shall comply with all requirements of federal and state sex offender registration laws, including the requirement to update Defendant's registration information. Defendant shall provide proof of registration to the Probation Officer within 72 hours of release from imprisonment.

28. <u>Victims not a party to this Agreement</u>. Defendant understands that Victim 1, Victim 2, and Victim 3 are not parties to this Plea Agreement, and that the "loss" and "restitution" amounts applicable to this criminal case do not resolve any claims that the victims may have against Defendant. Defendant understands that the victims remain free to pursue all lawful civil remedies it may deem appropriate.

## G. WAIVER OF TRIAL, APPEAL AND POST-CONVICTION RIGHTS

29. <u>Trial Rights Explained</u>. Defendant understands that this guilty plea waives the right to:

(a) Continue to plead not guilty and require the Government to prove the elements of the crime beyond a reasonable doubt;

(b) A speedy and public trial by jury, which must unanimously find Defendant guilty before there can be a conviction;

(c) The assistance of an attorney at all stages of trial and related proceedings, to be paid at Government expense if Defendant cannot afford to hire an attorney;

(d) Confront and cross-examine adverse witnesses;

(e) Present evidence and to have witnesses testify on behalf of

12

Defendant, including having the Court issue subpoenas to compel witnesses to testify on Defendant's behalf;

(f) Not testify or have any adverse inferences drawn from the failure to testify (although Defendant also has the right to testify, if Defendant so chooses); and

(g) If Defendant is convicted, the right to appeal, with the assistance of an attorney, to be paid at Government expense if Defendant cannot afford to hire an attorney.

30. <u>Waiver of Appeal and Post-Conviction Review (Mutual)</u>. Defendant knowingly and expressly waives any and all rights to appeal Defendant's conviction in this case, including a waiver of all motions, defenses and objections which Defendant could assert to the charge(s), or to the Court's entry of judgment against Defendant. If the Court imposes the sentence recommended by the parties, Defendant and the Government also waive any and all rights to appeal Defendant's sentence. Also, Defendant knowingly and expressly waives any and all rights to contest Defendant's conviction and sentence in any post-conviction proceedings, including any proceedings under 28 U.S.C. § 2255. These waivers are full and complete, except that they do not extend to the right to appeal or seek post-conviction relief based on grounds of ineffective assistance of counsel or prosecutorial misconduct.

## H. VOLUNTARINESS OF PLEA AND OPPORTUNITY TO CONSULT WITH COUNSEL

31. <u>Voluntariness of Plea</u>. Defendant represents that Defendant's decision to plead guilty is Defendant's own, voluntary decision, and that the following is true:

(a) Defendant has had a full opportunity to discuss all the facts and circumstances of this case with Defendant's attorney, and Defendant has a clear understanding of the charges and the consequences of this plea, including the maximum penalties

13

provided by law.

    (b)    No one has made any promises or offered any rewards in return for this guilty plea, other than those contained in this written agreement.

    (c)    No one has threatened Defendant or Defendant's family to induce this guilty plea.

    (d)    Defendant is pleading guilty because in truth and in fact Defendant is guilty and for no other reason.

32.    <u>Consultation with Attorney</u>. Defendant has discussed this case and this plea with Defendant's attorney and states that the following is true:

    (a)    Defendant states that Defendant is satisfied with the representation provided by Defendant's attorney.

    (b)    Defendant has no complaint about the time or attention Defendant's attorney has devoted to this case nor the advice the attorney has given.

    (c)    Although Defendant's attorney has given Defendant advice on this guilty plea, the decision to plead guilty is Defendant's own decision. Defendant's decision to enter this plea was made after full and careful thought, with the advice of Defendant's attorney, and with a full understanding of Defendant's rights, the facts and circumstances of the case, and the consequences of the plea.

## I.    GENERAL PROVISIONS

33.    <u>Entire Agreement</u>. This Plea Agreement, and any attachments, is the entire agreement between the parties. Any modifications to this Plea Agreement must be <u>in writing</u> and signed by all parties.

34.    <u>Public Interest</u>. The parties state this Plea Agreement is in the public interest and it takes into account the benefit to the public of a prompt and certain disposition of the case and furnishes adequate protection to the public interest and is

14

in keeping with the gravity of the offense and promotes respect for the law.

35. <u>Execution/Effective Date</u>. This Plea Agreement does not become valid and binding until executed by each of the individuals (or their designated representatives) shown below.

36. <u>Consent to Proceed by Video Conferencing.</u> Defendant consents to any proceedings in this case, to include plea and sentencing proceedings, being conducted by video or telephone technology, if the Court finds further delay would seriously harm the interests of justice. Defendant has had the opportunity to consult with Defendant's attorney about the use of video or telephone technology in this case.

## J.   SIGNATURES

37. <u>Defendant</u>. I have read all of this Plea Agreement and have discussed it with my attorney. I fully understand the Plea Agreement and accept and agree to it without reservation. I do this voluntarily and of my own free will. No promises have been made to me other than the promises in this Plea Agreement. I have not been threatened in any way to get me to enter into this Plea Agreement. I am satisfied with the services of my attorney with regard to this Plea Agreement and other matters associated with this case. I am entering into this Plea Agreement and will enter my plea of guilty under this Agreement because I committed the crime to which I am pleading guilty. I know that I may ask my attorney and the judge any questions about this Plea Agreement, and about the rights that I am giving up, before entering into the plea of guilty.

2/3/22
Date

Kaghimbe Mukanzu

15

38.  **Defendant's Attorney**.   I have read this Plea Agreement and have discussed it in its entirety with my client.   There is no Plea Agreement other than the agreement set forth in this writing.   My client fully understands this Plea Agreement. I am satisfied my client is capable of entering into this Plea Agreement, and does so voluntarily of Defendant's own free will, with full knowledge of Defendant's legal rights, and without any coercion or compulsion. I have had full access to the Government's discovery materials, and I believe there is a factual basis for the plea. I concur with my client entering into this Plea Agreement and in entering a plea of guilty pursuant to the Plea Agreement.

2/3/22
Date

Eric Tindal
Attorney for Kachimbe Mukanzu
425 2nd Street
Cedar Rapids, IA 52401
Telephone: 319-668-1323
Telefax:  319-668-17406
E-Mail: etindal@eiowalaw.com

39.  _United States_.  The Government agrees to the terms of this Plea

Agreement.

Richard D. Westphal
United States Attorney

_____  By:  _____
Date 2/4/22             Melisa K. Zaehringer
                        Amy L. Jennings
                        Assistant United States Attorneys

                        U.S. Courthouse
                        131 E. 4th St.
                        Davenport, Iowa 52801
                        Telephone:  563-449-5432
                        Telefax:  563-449-5433
                        E-mail: melisa.zaehringer@usdoj.gov

## STIPULATION OF FACTS

### Background

1. At all relevant times, Defendant was a person over the age of 18 years old, and Victim 1 and Victim 2 were persons under the age of 21.

2. At all relevant times, co-defendant Siena Ellen CABBAGE used the nickname "Nelly," and Defendant used the nickname "Kash."

3. In or about February 2018, Defendant met CABBAGE, then a college student, on a dating app. Defendant and CABBAGE began a sexual relationship with each other, and later lived together. This relationship continued until their arrest in May 2020.

4. Defendant taught CABBAGE how to use the escort website "Backpage.com," and CABBAGE did post advertisements on Backpage.com and other online escort websites. Defendant knew that CABBAGE engaged in commercial sex acts with individuals who responded to those advertisements.

5. CABBAGE gave Defendant money that CABBAGE obtained from the commercial sex acts.

### Counts 1 (Conspiracy): Victim 1

6. From in or about February 2018, through in or about March 2018, Defendant entered into an agreement with CABBAGE to commit the offense of sex trafficking by force, fraud, or coercion, as alleged in Count 1 of the Second Superseding Indictment.

7. At the time that Defendant entered into the agreement with CABBAGE to commit the crime of sex trafficking Victim 1, Defendant knew the unlawful purpose of the agreement and joined in it willfully, that is, with the intent to further the unlawful purpose.

8. CABBAGE was friends with Victim 1. CABBAGE knew some of Victim 1's mental health history, family background, and financial situation. CABBAGE shared that information with Defendant. Defendant and Cabbage then acted together in reckless disregard of that information to attempt to coerce and defraud Victim 1 to engage in commercial sex acts.

9. Defendant and CABBAGE told Victim 1 that Victim 1 could make money from engaging in commercial sex acts. Defendant knew that he would take at least some of the proceeds of commercial sex acts from Victim 1, such that Victim 1 would not have been able to make and keep money as she was promised.

10. At the same time that he attempted to entice her into engaging in commercial sex acts, Defendant distributed to Victim 1 marijuana and cocaine, knowing they were marijuana and cocaine.

11. In the course of the offense, Defendant rented a hotel room in the Southern District of Iowa, at a hotel that served out of state customers, and CABBAGE used a cellular telephone to take photographs of Victim 1 to be used in the escort advertisements.

Counts 2 (Conspiracy): Victim 2

12. From in or about March 2018, through in or about May 2018, Defendant entered into an agreement with CABBAGE to commit the offense of sex trafficking by force, fraud, or coercion, as alleged in Count 2 of the Second Superseding Indictment.

13. At the time that Defendant entered into the agreement with CABBAGE to commit the crime of sex trafficking Victim 2, Defendant knew the unlawful purpose of the agreement and joined in it willfully, that is, with the intent to further the unlawful purpose.

14. Defendant recruited Victim 2 at a hotel in the Southern District of Iowa. Defendant and CABBAGE posted Victim 2 on online escort

advertisements, discussed with her about how to interact with customers, and took the proceeds from the commercial sex acts that she engaged in at their direction.

15. Defendant was in reckless disregard that fraud and coercion would be used to cause Victim 2 to engage in a commercial sex act. For example, Defendant told Victim 2 that she would be able to make money and specifically that she would be able to purchase a car, but he kept most of the proceeds and did not give them to her. Defendant also knew that Victim2 did not have anywhere else to go if she left him.

16. At the same time that he attempted to entice her into engaging in commercial sex acts, Defendant distributed to Victim 2 marijuana and cocaine, knowing they were marijuana and cocaine.

17. In the course of the offense, Defendant rented hotel rooms at hotels that served out of state customers, and, assisted by CABBAGE, used a cellular telephone to take photographs of Victim 2 to be used in the escort advertisements and to arrange for commercial sex acts with customers.

## Counts 7 and 9 (Felon in Possession)

18. Before March 31, 2018, Defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year.

19. On or about March 31, 2018, and continuing through on or about July 20, 2018, Defendant knew he had been previously convicted of a crime punishable by imprisonment for a term exceeding one year.

20. On or about March 31, 2018, Defendant knowingly possessed a firearm, specifically, a Glock, model 36, .45 caliber pistol, with serial number GBG666.

21. On or about July 20, 2018, Defendant knowingly possessed a firearm, specifically, a Springfield, model XD, ~~nine millimeter~~ .45 caliber pistol, with serial

number GM471002.

22. Both firearms were transported across a state line at some time during or before Defendant's possession of it in the Southern District of Iowa.

## Count 14 (Sex Trafficking): Victim 3

23. From in or about March 2017, through in or about August 2018, Defendant knowingly recruited, harbored, transported, provided, obtained, and maintained Victim 3. Defendant harbored Victim 3 in his apartment, posted online escort advertisements for Victim 3, and transported her to hotels to engage in commercial sex acts.

24. Defendant did so in reckless disregard of the fact that fraud and coercion would be used to cause Victim 3 to engage in commercial sex acts. Defendant told Victim 3 that he loved her. Defendant knew Victim 3 loved him and wanted to be in a relationship with him. Defendant knew that Victim 3 was using cocaine and ecstasy. On at least one occasion, Victim 3 told Defendant she did not want to engage in commercial sex acts anymore, and Defendant's statements and actions made her believe she could not stop yet.

25. During the course of the offense, Victim 3 did engage in commercial sex acts, that is, sex acts in exchange for money and drugs, in at least Illinois, Iowa, and Minnesota, to include locations in the Southern District of Iowa such as Iowa City, Iowa.

26. Defendant's acts were in or affected interstate commerce. In the course of the offense, Defendant rented hotel rooms at hotels that served out of state customers, and used a cellular telephone and the Internet to post online escort advertisements.

Conclusion

27.   Defendant agrees that one or more of the acts constituting the offenses charged in Counts 1, 2, 7, 9, and 14 of the Second Superseding Indictment occurred in the Southern District of Iowa.

28.   Defendant hereby certifies that the facts set forth above are true and accurate to the best of Defendant's knowledge.

2/3/22
Date

Kachimbe Mukanzu
Defendant

2/3/22
Date

Eric Tindal
Attorney for Kachimbe Mukanzu

Richard D. Westphal
United States Attorney

2/4/22
Date

By:

Melisa K. Zaehringer
Amy L. Jennings
Assistant United States Attorneys