UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>v.         )<br>)<br>KACHIMBE MUKANZU a/k/a "Kash",)<br>)<br>Defendant.     ) | Case No. 3:20-cr-34<br><br>SENTENCING MEMORANDUM |

The government, by and through the undersigned Assistant United States Attorney, files this sentencing memorandum in anticipation of the sentencing hearing currently set for October 26, 2022, at 9:00 a.m.

## TABLE OF CONTENTS

I.   **BACKGROUND** ........................................................................................1

II.  **SENTENCING CALCULATION** ...........................................................3

III. **ISSUES TO BE RESOLVED** ..................................................................4

   1. **Paragraphs 14, 15, 17, 19, 20, 21, 25, 27, 29 - 31, 35-37, 39, 40, 42, 43, 65, 72, 73, and 90 are appropriately reflected within the Offense Conduct/Role Assessment sections of the PSR**……..4

   2. **Defendant should not receive a reduction for acceptance of responsibility under USSG § 3E1.1** ..........................................6

IV.  **GOVERNMENT'S RECOMMENDATION**……………………………9

## I.   BACKGROUND

On February 9, 2021, a fourteen-count Second Superseding Indictment was filed charging Kachimbe Mukanzu a/k/a (Kash) (the defendant) with Conspiracy to Engage in Sex Trafficking by Force, Fraud, and Coercion, from in or about February 2018 through in or about March 2018; and from in or about March 2018 through in

1

or about May 2018 (Counts One and Two, respectively), in violation of 18 U.S.C. § 1594(c); Sex Trafficking by Force, Fraud, and Coercion, from in or about March 2018 through in or about May 2018 (Count Three), in violation of 18 U.S.C. § 1591(a)(1), 1591(b)(1); Distribution to a Person Under Age Twenty-One, from in or about February 2018 through in or about March 2018; and from in or about March 2018 through in or about May 2018 (Counts Four and Five, respectively), in violation of 21 U.S.C. § 841(a)(1), 859; Travel Act—Facilitate Prostitution, from in or about October 2017 until in or about August 2018 (Count Six), in violation of 18 U.S.C. § 1952(a)(3)(A); Felon in Possession of a Firearm, on or about March 31, 2018; on or about June 30, 2018; and on or about July 20, 2018 (Counts 7-9, respectively), in violation of 18 U.S.C. § 922(g)(1), 924(a)(2); Transportation for the Purpose of Prostitution, from on or about July 17, 2018, through on or about July 23, 2018; from on or about July 26, 2018, through on or about July 30, 2018 (Counts Ten and Twelve, respectively), in violation of 18 U.S.C. § 2421(a); Transportation for the Purpose of Prostitution Through Coercion and Enticement, from on or about July 17, 2018, through on or about July 23, 2018; and from on or about July 26, 2018, through on or about July 30, 2018 (Counts Eleven and Thirteen); and Sex Trafficking by Force, Fraud, and Coercion, from in or about March 2017, through in or about August 2018 (Count Fourteen), in violation of 18 U.S.C. § 1591(a)(1), 1591 (b)(1). A Notice of Forfeiture was filed pursuant to 18 U.S.C. § 1594(d), 1594(e), and 28 U.S.C. § 2461(c). A Second Notice of Forfeiture was also filed pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c). (Revised Final Presentence Investigation Report, hereinafter "PSR,"

ECF 211, ¶ 1-3.) The government filed objections to the draft PSR. (ECF 64.) The defendant filed objections to the draft PSR. (ECF 65.)

On February 4, 2022, the defendant pleaded guilty to Counts One, Two, Seven, Nine, and Fourteen of the fourteen-count Second Superseding Indictment. On March 2, 2022, the Court accepted the defendant's plea and adjudicated him guilty. (PSR ¶ 4.)

Under the written plea agreement and Federal Rule of Criminal Procedure 11(c)(1)(C), the government agreed that a specific sentence or sentencing range is the appropriate disposition of the case, or that a particular provision of the Sentencing Guidelines, or policy statement, or sentencing factor does or does not apply. Such a recommendation or request binds the Court once the Court accepts the plea agreement. The government agreed to dismiss Counts Three through Six, Eight, Ten through Twelve, and Thirteen at the time of sentencing. Both parties agree that the Court should impose a sentence between 188 and 264 months' imprisonment. (PSR ¶ 5.)

## II. SENTENCING CALCULATION

In the presentence report paragraphs 94-127 and 194, the defendant's guideline range was calculated as follows:

Greater of Adjusted Offense Levels
USSG § 3D1.4(a), (b), (c)                                36

Increase in Offense Level
USSG §3D1.4                                              +3

| | |
|---|---|
| Acceptance of Responsibility USSG § 3E1.1(a) | -2 |
| Total Offense Level | 37 |
| Criminal History Category | III |
| Guideline Sentencing Range: | 262 to 327 months |
| Proposed Guideline Range without Acceptance | |
| Level 39, Criminal history category III | 324 to 405 months |
| Parties' Agreed Sentencing Range: | 188 to 264 months |

### III.    ISSUES TO BE RESOLVED

1. **Paragraphs 14, 15, 17, 19, 20, 21, 25, 27, 29 - 31, 35-37, 39, 40, 42, 43, 65, 72, 73, and 90 are appropriately reflected within the Offense Conduct/Role Assessment sections of the PSR.**

The discovery material provided to Defendant supports the content of each and every paragraph. During the course of the investigation, witnesses were presented to the grand jury, including victims 1, 2 and 3. The grand jury transcripts will be offered and admitted as exhibits at the hearing to support the content of the PSR. The transcripts do not adequately address the objections in Paragraphs 15, 20, 29, and 43. Additionally, the government would agree with that Paragraph 65 misstates the caliber of the gun. Below lists the transcript, page and lines that support each objection listed by victim and paragraph number.

**Victim 3, Exhibit 1:**
Paragraph 14 – Page 21, line 12 through page 22, line 11.

*Paragraph 15* – the transcript does not address the accounts and who had access to them.

Paragraph 17 – Page 17, line 23 through page 19, line 1.

Paragraph 19 – Defendant objects to the verbiage and the possible misinterpretation of the words. The government does not understand this objection.

*Paragraph 20* - the transcript does not address who she obtained the drugs from, just that she was using cocaine, ecstasy and marijuana.

Paragraph 21 – Page 10, line 13 through page 12, line 22.

**Victim 1, Exhibit 2:**
Paragraph 25 – page 9, line 25 through page 11, line 19.

Paragraph 27 – page 12, line 7 through page 15, line 2.

Paragraph 30 – Page 17, line 14 through page 18, line 11.

Paragraph 31 – Page 31, line 5 through page 32, line 5 and page 34, line 22 through page 35, line 9.

Paragraph 35 – Page 23, line 14 through page 29, line 8.

**Victim 2, Exhibit 3:**
Paragraph 36 – page 12, line 25 through page 14, line 10.

Paragraph 37 – page 7, line 21 through page 12, line 24.

Paragraph 39 – page 12, line 25 through page 13, line 25 and plea agreement, Attachment A, paragraph 16.

Paragraph 40 – page 14, line 11 through page 14, line 17.

Paragraph 42 – page 24, line 2 through page 24, line 22.

*Paragraph 43* – the transcript indicates that the witness testified she had a place to go back to but did not want to go back to that place. Technically, the statement in paragraph 43 is incorrect.

Paragraph 72 – page 27, line 12 through page 28, line 8.

Paragraph 73 – page 28, line 9 through line 22.

**Miscellaneous:**
*Paragraph 29* – In the objection, Defendant admits he held the money for the victims. The government would agree to this change.

*Paragraph 65* – the firearm is labeled in this paragraph. The gun recovered was a Glock 36, .45 caliber handgun.

Paragraph 90 – this objection states that Defendant agrees t the leadership role but not to all the facts listed, however, does not indicate which facts are contested, therefore, the government cannot address this issue.

Based on the above, in conjunction with the exhibits tendered, the government submits that evidence is sufficient to overrule Defendant's objections to the stated paragraphs.

2. **Defendant should not receive a reduction for acceptance of responsibility under USSG § 3E1.1.**

    A. **Defendant violated the terms of the plea agreement as to acceptance of responsibility.**

First, the amended plea agreement entered into by the government and Defendant contains a paragraph addressing Acceptance of Responsibility under USSG 3E1.1. (R. Doc. 171.) The terms of paragraph 12 are as follows:

> The Government agrees as a recommendation to the District Court that Defendant receive credit for acceptance of responsibility under USSG §3E1.1(a). The Government reserves the right to oppose a reduction under §3E1.1(a) if after the plea proceeding Defendant obstructs justice, fails to cooperate fully and truthfully with the United States Probation Office, *attempts to withdraw Defendant's plea*, or otherwise fails to clearly demonstrate acceptance of responsibility.

(Emphasis added). Defendant has filed a motion to withdraw plea (R. Doc. 212), motion to reconsider denial of motion to withdraw plea (R. Doc. 229), motion for

clarification on motion to withdraw plea (R. Doc. 232) and motion for reconsideration of order denying motion to withdraw plea. (R. Doc. 235.) Based on these filings, Defendant has violated this term of the plea agreement and the government will ask the Court to not assess any reduction for acceptance of responsibility.

Further, the guidelines provide authority for the Court to deny acceptance of responsibility reduction as well. United States Sentencing Guideline § 3E1.1 provides for a three-level reduction for those who timely accept responsibility for their offense. But this reduction can be withheld under certain circumstances, including when a defendant "falsely denies, or frivolously contests, relevant conduct," "continued criminal conduct or associations," or "[c]onduct resulting in an enhancement under § 3C1.1." USSG § 3E1.1, nn.1(A), 1(B), 4.  A defendant who pleads guilty is not entitled to this reduction as a matter of right. *United States v. Davis*, 875 F.3d 869, 875 (8th Cir. 2017). A defendant bears the burden of proving she is entitled to this reduction. *United States v. Adetiloye*, 716 F.3d 1030, 1036 (8th Cir. 2013).

"The key issue is whether the defendant has shown a recognition and affirmative responsibility for the offense and sincere remorse.  The purpose of the reduction is to distinguish[ ] a sincerely remorseful defendant from a defendant not manifesting penitence."  *United States v. Cooper*, 998 F.3d 806, 810 (8th Cir. 2021) (alteration in original).[1]

### B. Defendant falsely denied relevant conduct.

---

[1] Internal quotations and citations omitted, unless otherwise noted.

As noted above, included among the factors the Court should consider when determining whether a defendant has accepted responsibility, are "truthfully admitting the conduct comprising the offense(s) of conviction, and truthfully admitting or not falsely denying any additional relevant conduct for which the defendant is accountable." USSG § 3E1.1, n.1(A). "A defendant who falsely denies, or frivolously contests, relevant conduct that the court determines to be true, has acted in a manner inconsistent with acceptance of responsibility." *Id.* Another factor to consider is "voluntary termination or withdrawal from criminal conduct or associations." *Id.*, n.1(B).

To receive this reduction, a defendant

> must accept responsibility for *all* of the conduct that is part of [her] conviction. The defendant may not minimize conduct or partially accept responsibility. Special emphasis is placed on the defendant's honesty about the factual basis for the offense, rather than an emphasis on whether the defendant pleaded guilty or took the matter to trial.

*United States v. Erhart*, 415 F.3d 965, 971 (8th Cir. 2005) (emphasis in original). For instance, the Eighth Circuit recently affirmed a district court's refusal to grant a reduction for acceptance of responsibility where the defendant falsely denied or tried to minimize whether his Dropbox account contained child pornography. *United States v. Hennings*, 23 F.4th 820, 823 (8th Cir. 2022).

Here, Defendant has objected to many paragraphs and facts within those paragraph that are factually accurate. His denial of relevant conduct clearly shows he is not entitled to any acceptance of responsibility reduction.

## IV. GOVERNMENT'S RECOMMENDATION

The sentencing statutes inform this Court that it must impose a sentence sufficient, but not greater than necessary, to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. 18 U.S.C. § 3553(a)(2). The Court, in determining the particular sentence to be imposed, shall also consider the nature and circumstances of the offense and the history and characteristics of the defendant. 18 U.S.C. § 3553(a)(1). The sentence must "avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6).

The government will ask the District Court to find a final advisory guideline range of Level 39/Criminal History category III – 324-405 months, however the government will ask the court to sentence Defendant within the range of 188 to 264 months.

Defendant has ruined the lives of three young woman. He introduced them to the world of sex trafficking. They were subjected to his manipulation, control, and sexual exploitation for money. Defendant used the victims vulnerabilities to his advantage and used a number of tactics to control them. He was violent with them on occasion to include choking them, raping one of the victims, and carrying around a gun. Defendant promised them things of value and glamorized the lifestyle to lure

them into performing commercial sex acts and in return he profited. These women were provided drugs so that they could work around the clock. Victim 1 stated that she saw clients "[e]very day from the time I woke up until the time I couldn't do anything anymore." (Exhibit 1, Page 15, lines 12-13.) Defendant set up ads in multiple social media platforms and drove them from state to state in order to work for him. Defendant's action has caused irreparable harm to each of the victims.

In addition to the aggravated nature of the case at hand, Defendant has been a burden to the Muscatine County Jail since he was taken into custody. There are 38 separate incidents noted in the PSR in Paragraph 10. He continues to demonstrate his criminal thinking and noncompliance with authority throughout his stay. This pattern of behavior should be considered when fashioning an appropriate sentence.

Although the continued behavior of Defendant after the plea might suggest a sentence above the agreed upon range, the government will ask the court to impose 264 months imprisonment. This plea contemplated the benefit to the victims for not having to testify and relive the trauma that they each endured. The plea avoided a trial and guaranteed that this Defendant would be held accountable for his actions.

WHEREFORE, the government prays the District Court consider this sentencing memorandum in determining the final sentence of this defendant.

        Respectfully submitted,

        Richard D. Westphal
        United States Attorney

By: */s/ Melisa Zaehringer*
        Melisa K. Zaehringer
        Assistant United States Attorney
        U.S. Courthouse
        131 E. Fourth Street, Suite 310
        Davenport, Iowa 52801
        Tel: (563) 449-5432
        Fax: (563) 449-5433
        Email: melisa.zaehringer@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on Thursday, October 20, 2022, I electronically filed the foregoing with the Clerk of Court using the CM ECF system. I hereby certify that a copy of this document was served on the parties or attorneys of record by: __X__ ECF/Electronic filing

UNITED STATES ATTORNEY

By: */s/ Melisa Zaehringer*
    Assistant U.S. Attorney